Order (Denying Appellee’s Request for Dismissal)
PER CURIAM.
This matter came before the Court on September 18, 2014. Chief Justice Mary Jo Hunter, Justice Todd R. Matha, and Justice Trida A. Zunker reviewed the matter. Appellee filed a Notice and Motion in Opposition of Appellant’s Resubmitted Brief and Request for Dismissal Appel-lee raised several issues. First, Appellee contends that the Appellant’s Brief, resubmitted on September 12, 2014, fails to comply with Rule 13(a)(6) of the Ho-Chunk Rules of Appellate Procedure. Second, Appellee requests dismissal of the appeal for failure to comply with Rule 13. Third, Appellee contends that this failure causes hardship to Appellee in its preparation of its Response Brief and requests the remaining scheduling order be rescheduled.
Rule 13(a)(6) of the Ho-Chunk Nation Rules of Appellate Procedure states:
Briefs shall include the following:
(6) All laws, rules, regulations and cases cited in the document shall be attached as an addendum unless previously provided in the appeal.
In this case, the Appellant’s Brief resubmitted on September 12, 2014, contained what is referred to as an “Appendix” at the end of the Brief as its addendum. The “Appendix” lists the different statutes and case law cited as well as page number or numbers for each statute or case. As Appellee points out, this “Appendix” is structured similarly as a Table of Contents. The full text of the eases and statutes are not included. Appellee argues that failure to include the full text results in non-compliance with Rule 13(a)(6).
“Addendum” is not defined in the Ho-Chunk Rules of Appellate Procedure. Black’s Law Dictionary defines “adden *117 dum” as: “[s]omething to be added, esp. to a document; a supplement.” Black’s Law Dictionary 14 (7th ed. 1996). Here, while the “Appendix” does not include the full text of the statutes and case law, it is supplementary material. The Court determines this attempt is reasonable under the circumstances and considers several factors, including: 1) the lack of clear definition of “addendum”; 2) Appellant’s status as an Elder; 3) the nature of the overall dispute; and 4) the remaining schedule in this case.[1]
Appellee requested the Court dismiss this appeal based on the lack of compliance with Rule 13(a)(6). Appellee did not provide any law in support of its Motion to Dismiss beyond its reliance on Rule 13(a)(6). This Court determines the attempt is reasonable under the circumstances as stated above. Thus, Appellant’s Brief substantially complies with Rule IS of the Ho-Chunk Rules of Appellate Procedure and Appellant’s Motion to Dismiss is denied. The schedule in this case also remains unchanged. The Court hereby ORDERS:
1. That this motion is DENIED.
2. That the remaining schedule in this appeal remains as scheduled.
EGI HESKEKJET.

. The Court finds guidance in Rule 1(a) and 1(b) of the Ho-Chunk Nation Rules of Appellate Procedure, which state:
a. These rules, adopted by the Supreme Court of the Ho-Chunk Nation, govern the appeal process. Where necessary to promote fairness and justice to parties, the
Supreme Court may look to the Ho-Chunk customs and traditions and the Federal Rules of Appellate Procedure for guidance in applying and supplementing these rules,
b. These rules shall be liberally construed to secure a just and speedy determination of every appeal.